UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
VALDETE B.                    :    Civ. No. 3:21CV01395(SALM)
                              :
v.                            :
                              :
KILOLO KIJAKAZI, ACTING       :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :    June 3, 2022
                              :
------------------------------x
```

**ORDER APPROVING STIPULATION FOR ALLOWANCE OF FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Plaintiff Valdete B. ("plaintiff") filed an application for Disability Insurance Benefits on January 3, 2020, alleging disability beginning on April 1, 2019. See Certified Transcript of the Administrative Record, Docs. #9, #10, compiled on December 7, 2021, (hereinafter "Tr.") at 149-55.[1] Plaintiff's application was denied initially on May 1, 2020, see Tr. 91-95, and upon reconsideration on August 11, 2020. See Tr. 97-101.

On January 20, 2021, plaintiff, then represented by Attorney Jill Rydzik, appeared at a hearing before Administrative Law Judge ("ALJ") Louis Bonsangue. See generally Tr. 35-66. On February 3, 2021, the ALJ issued an unfavorable decision. See Tr. 12-34. On September 23, 2021, the Appeals

---

[1] Plaintiff later amended her alleged onset date to July 13, 2017. See Tr. 159.

Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. See Tr. 1-6. Plaintiff, represented by Attorney Ivan Katz, timely appealed that decision to this Court on October 20, 2021. [Doc. #1].

On December 7, 2021, the Commissioner (hereinafter "defendant" or "Commissioner") filed the official transcript. [Docs. #9, #10]. On January 19, 2022, plaintiff filed a Motion to Reverse the Decision of the Commissioner. [Doc. #14]. On March 31, 2022, defendant filed a Motion for Voluntary Remand pursuant to Sentence Four of 42 U.S.C. §405(g). [Doc. #18]. The Court granted defendant's motion on April 1, 2022 [Doc. #19], and judgment entered for plaintiff on the same date. [Doc. #21].

On May 23, 2022, the parties filed a Stipulation for Allowance of Fees Under the Equal Access to Justice Act ("EAJA") (hereinafter "Stipulation"). [Doc. #22]. The Stipulation states that the parties have agreed "that Plaintiff shall be awarded attorney fees in the amount of $8,750.00 under the" EAJA "in full and final satisfaction (upon payment) of any and all claims under EAJA." Id. at 1 (sic).

On May 30, 2022, the Court entered an Order requiring plaintiff's counsel to "provide the Court with an accounting of fees sought in compliance with [28 U.S.C. §2412(d)(1)(B)]

including the number of hours claimed; a statement of whether the hours were incurred by an attorney, a paralegal, or other employee; and the hourly rate applied." Doc. #23.

On May 31, 2022, plaintiff filed a "Statement re: Stipulation for Award of Fees Under the EAJA" (hereinafter "Statement"). Doc. #24. The statement itemizes the time expended by Attorney Katz in this matter. See id. at 1.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the record and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of time expended by

Attorney Katz to determine whether the agreed upon fee amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the Stipulation [**Doc. #22**], for the stipulated amount of **$8,750.00**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff's attorney claims fees for 42.90 hours of work at an "effective hourly rate, reduced for settlement[]" of $204.00 per hour. See Doc. #24 at 1. The parties have reached an agreement under which defendant would pay $8,750.00 in fees,

which is just shy of the total of the hours claimed by Attorney Katz at the "reduced" hourly rate. Id. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[2] This Court has a duty to review Attorney Katz's time sheet to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

The Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings;

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

(2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.³ See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 42.90 hours of work. See Doc. #24. The administrative transcript in this case was comprised of 1,497 pages and plaintiff's counsel submitted a thorough and well-reasoned brief, which resulted in a voluntary remand. The Court finds the attorney time reasonable for the work claimed, including: review of the administrative transcript [Docs. #9, #10]; preparation of the motion to reverse and supporting memorandum [Docs. #14, #14-2]; and preparation of the statement of material facts [Doc. #14-1]. Cf. Rodriguez v.

---

³ The request for attorney's fees is timely because it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). In this case, the 30-day EAJA clock would begin to run on May 31, 2022, 60 days after judgment for plaintiff entered. The Stipulation was filed on May 23, 2022, well before the expiration of the filing deadline on June 30, 2022. See Doc. #22.

Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (citations and quotation marks omitted); Cobb v. Astrue, No. 3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Although 42.90 hours just exceeds the presumptively reasonable time for prosecuting a Social Security appeal, the agreed upon hours sought are reasonable given that plaintiff's counsel did not represent plaintiff during the administrative proceedings. See Butler v. Colvin, No. 3:13CV00607(CSH)(JGM), 2015 WL 1954645, at *2 (D. Conn. Apr. 29, 2015) ("[I]n cases where the specific circumstances warrant it, courts do not hesitate to award fees

in excess of twenty to forty hours." (citation and quotation marks omitted)).

Accordingly, the Court finds that the 42.90 hours claimed is reasonable, particularly in light of the parties' Stipulation, which weighs in favor of finding that the fee award claimed is reasonable. Therefore, an award of **$8,750.00** in fees is appropriate, and the Court **APPROVES and SO ORDERS** the Stipulation [**Doc. #22**].

It is so ordered at Bridgeport, Connecticut this 3rd day of June, 2022.

                                           /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES DISTRICT JUDGE