UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
VALDETE B.                    :   Civ. No. 3:21CV01395(SALM)
                              :
v.                            :
                              :
KILOLO KIJAKAZI, ACTING       :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :   November 30, 2023
                              :
------------------------------x
```

**RULING ON INTERIM MOTION FOR ALLOWANCE OF ATTORNEY'S FEES UNDER 42 U.S.C. §406(b) [Doc. #27]**

Attorney Ivan M. Katz ("counsel") has filed an interim motion for attorney's fees pursuant to 42 U.S.C. §406(b), seeking an award of fees in the amount of $21,859.23. See Doc. #27 at 1. Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("defendant" or "Commissioner") has filed a response to the motion. [Doc. #28]. For the reasons stated below, the Interim Motion for Allowance of Attorney's Fees Under 42 U.S.C. §406(b) [**Doc. #27**] is **GRANTED**, in the total amount of **$21,859.23**.

**A.   Background**

Plaintiff Valdete B. ("plaintiff") filed an application for Disability Insurance Benefits on January 3, 2020. See Certified Transcript of the Administrative Record, Docs. #9, #10, compiled on December 7, 2021, (hereinafter "Tr.") at 149-55. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ

1

denied plaintiff benefits on February 3, 2021. See Tr. 12-34. After exhausting her administrative remedies, plaintiff, through counsel, filed the Complaint on October 20, 2021. [Doc. #1]. On December 7, 2021, defendant filed the official transcript. [Docs. #9, #10]. On January 19, 2022, plaintiff filed a Motion to Reverse the Decision of the Commissioner. [Doc. #14]. On March 31, 2022, defendant filed a Consent Motion for Voluntary Remand pursuant to Sentence Four of 42 U.S.C. §405(g). [Doc. #18]. The Court granted defendant's motion on April 1, 2022 [Doc. #19], and judgment entered for plaintiff on the same date. [Doc. #21].

On May 23, 2022, the parties filed a Stipulation for Allowance of Fees under the Equal Access to Justice Act ("EAJA") (hereinafter "Stipulation"), agreeing "that Plaintiff shall be awarded attorney fees in the amount of $8,750.00 under the" EAJA "in full and final satisfaction (upon payment) of any and all claims under EAJA." Doc. #22 at 1 (emphasis omitted). On May 30, 2022, the Court entered an Order requiring counsel to "provide the Court with an accounting of fees sought in compliance with [28 U.S.C. §2412(d)(1)(B)] including the number of hours claimed; a statement of whether the hours were incurred by an attorney, a paralegal, or other employee; and the hourly rate applied." Doc. #23. On May 31, 2022, counsel filed a "Statement re: Stipulation for Award of Fees Under the EAJA." Doc. #24 at

2

1. On June 3, 2022, the Court approved and so ordered the Stipulation for the stipulated amount of $8,750.00. See Doc. #25.

Counsel represents that following the remand by this Court, a second administrative hearing was held, after which the ALJ "issued a 'Fully Favorable' decision finding [plaintiff] disabled as of July 13, 2017." Doc. #27 at 1. The Social Security Administration issued a "Notice of Award" to plaintiff dated November 1, 2023. Doc. #27-1 at 2. The Notice of Award informed plaintiff that she was "entitled to monthly disability benefits from Social Security beginning November 2018." Id. The Notice of Award states: "We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee. We withheld $21,859.23 from your past due benefits in case we need to pay your representative." Id. at 4. The Notice of Award further states: "When the amount of the fee is decided, we will let you know and the representative know how much of this money will be used to pay this fee." Id.

As set forth above, counsel now seeks an interim award of $21,859.23 in attorney's fees pursuant to 42 U.S.C. §406(b), and in accordance with the retainer agreement executed by plaintiff on October 19, 2021. See Doc. #27-2.[1] Counsel represents:

---

[1] Counsel represents that a copy of his motion has been provided to plaintiff. See Doc. #27 at 5.

> The agreement between the plaintiff and the undersigned provided for a fee of 25% of retroactive benefit "awarded to my family and me." The amount sought herein does not include benefits awarded to Ms. Bytyqi's minor child/children; Social Security has not as of the date hereof calculated the benefit due to the plaintiff's auxiliaries. Accordingly, the instant application is an interim fee application, which may be the subject of a supplemental application once the Social Security Administration determines the amount of back benefit payable to the plaintiff's minor child/children.

Id. at 5.

Defendant has filed a response to the motion, requesting, inter alia, that the Court determine the reasonableness of the fees requested. See Doc. #28 at 2. Defendant also represents that she "neither opposes nor supports Plaintiff's plan to file a supplemental motion for fees under 42 U.S.C. §406(b), when and if the Social Security Administration issues a Notice(s) of Award for Plaintiff's minor child/children." Id. at 2 n.2.

**B.   Legal Standard**

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]

42 U.S.C. §406(b)(1)(A). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they

4

yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

> When considering a fee application under section 406(b),
>
> a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations.

Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

In Gisbrecht, the Supreme Court "provided examples of factors a court might consider in conducting this reasonableness analysis." Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022). First, the Court may consider "the character of the representation and the results the representative achieved," and "may reduce the requested fees where the representation is substandard." Id. (citation and quotation marks omitted). "Second, ... a reduction is appropriate where the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused." Id. (citation and quotation marks omitted). Third, "a reduction may be in order if the benefits are large in comparison to the amount of time counsel spent on the case — the

5

so-called 'windfall' factor[.]" Id. (citation and quotation marks omitted).

When analyzing the third "windfall" factor, the Second Circuit has instructed courts to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[,]" id. at 854; (2) "the nature and length of the professional relationship with the claimant — including any representation at the agency level[,]" id. at 855; (3) "the satisfaction of the disabled claimant[,]" id.; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id.

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate "only when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

**C.    Discussion**

Pursuant to his agreement with plaintiff, counsel "requests that an interim award of $21,859.23 be made to counsel,

6

representing 25% of the total past-due benefit calculated to date." Doc. #27 at 2; see also Doc. #27-2 at 1 (retainer agreement). Considering the representations of counsel and defendant, and the factors recited in Fields, the requested interim fee of **$21,589.23** is reasonable.[2]

First, there is no evidence that the interim fee is out of line with "the character of the representation and the results the representative achieved[.]" Fields, 24 F.4th at 853 (citation and quotation marks omitted). Counsel achieved a favorable result for plaintiff by securing a Sentence Four remand to the administrative level. See Doc. #19. Plaintiff thereafter obtained an award of past-due benefits, which likely would not have been possible without counsel's efforts. See Doc. #27 at 1-2.

Second, there is nothing to suggest that counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee.

Third, the Court considers whether there has been a windfall to counsel. See Fields, 24 F.4th at 853. Counsel spent 42.90 hours working on this case at the District Court level.

---

[2] There is no dispute that counsel's motion is timely, having been filed just seven days after the date set forth on the Notice of Award. See Sinkler v. Berryhill, 932 F. 3d 83, 89 (2d Cir. 2019).

See Doc. #27 at 4-5.[3] The interim fee requested pursuant to section 406(b) - $21,859.23 – results in an hourly rate of $509.54, which is significantly lower than other section 406(b) fee awards that have been approved in this Circuit. See, e.g., Sama v. Colvin, No. 3:10CV01268(VLB)(TPS) 2014 WL 2921661, at *4 (D. Conn. June 25, 2014) (approving section 406(b) fee award at an effective hourly rate of $785.30); Joslyn v. Barnhart, 389 F. Supp. 2d 454, 455-57 (W.D.N.Y. Oct. 4, 2005) (approving section 406(b) fee award at an effective hourly rate of $891.61); Destefano v. Astrue, No. 05CV03534(NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (approving section 406(b) fee award at an hourly rate of $849.09), report and recommendation adopted, 2008 WL 2039471 (May 9, 2008). The Court finds that an interim fee of $21,859.23 is reasonable and would not be a windfall to counsel. A consideration of the windfall factors set forth in Fields does not alter this conclusion. See Fields, 24 F.4th at 854-55.[4]

Finally, as acknowledged by counsel, he must return to plaintiff the $8,750.00 previously awarded by the Court under

---

[3] This is consistent with the hours claimed in counsel's Statement re: Stipulation for Award of Fees Under the EAJA. See Doc. #24.

[4] Should counsel elect to file a supplemental application, the Court may reconsider this factor, particularly if the supplemental fees requested result in a significant increase in counsel's hourly rate.

the EAJA. See Doc. #27 at 5; Gisbrecht, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under §406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." (citation and quotation marks omitted)).

**D.   Conclusion**

For the reasons set forth herein, the Interim Motion for Allowance of Attorney's Fees Under 42 U.S.C. §406(b) [**Doc. #27**] is **GRANTED**, in the total amount of **$21,859.23**.

**The award of $21,859.23 supersedes and replaces the $8,750.00 in attorney's fees previously awarded by the Court on June 3, 2022. See Doc. #25**. Upon receipt of the interim award, Attorney Katz is ordered to refund to plaintiff the amount of **$8,750.00,** and to thereafter file a certification on the docket that he has done so.

Attorney Katz shall provide a copy of this Ruling to plaintiff at her last known mailing or email address.

It is so ordered at Bridgeport, Connecticut this 30th day of November, 2023.

                                    /s/
                        HON. SARAH A. L. MERRIAM
                        UNITED STATES CIRCUIT JUDGE
                        Sitting by Designation